**Jacqueline HAYS, Plaintiff–Appellee,**

v.

**Kevin CONCANNON; Freddye Webb–Petett, Defendants–Appellants.**

**No. 89–35702.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 8, 1990.

Decided Dec. 19, 1990.

Rives Kistler, Asst. Atty. Gen., Dept. of Justice, Salem, Or., for defendants-appellants.

Kent B. Thurber, Oregon Legal Services, Portland, Or., for plaintiff-appellee.

Before WRIGHT, POOLE and THOMPSON, Circuit Judges.

### ORDER

We remand this case so the district court may reconsider its judgment in light of new legislation. The factual and procedural background is summarized for the benefit of other federal courts that may be considering similar issues.

This began as a § 1983 class action by persons who applied for Medicaid benefits from the Oregon Adult and Family Services Division (AFSD). Plaintiffs sought declaratory and injunctive relief, claiming that the administration of the state Medicaid plan violated provisions of Title XIX of the Social Security Act. Specifically, they objected to AFSD's policy of delaying a decision on a pending Medicaid claim until the Social Security Administration (SSA) acted on a concurrent application for Supplemental Security Income (SSI).

The district court found that, when an Oregon Medicaid applicant had already been denied SSI benefits by SSA, AFSD would also deny the Medicaid claim. Whenever a Medicaid applicant did not apply for SSI benefits, AFSD encouraged the applicant to apply for SSI and then waited for SSA's determination.

The court enjoined AFSD from continuing these practices unless SSA had made a final decision denying SSI. It defined a final decision as either (1) a decision no longer appealable due to the expiration of time limitations, or (2) a decision that had exhausted the SSA administrative appeal process.[1]

On appeal, the parties prepared arguments centering on the proper interpretation of new regulations issued by the Health Care Financing Administration (HCFA) that purported to clarify the binding nature of SSA decisions. *See* Amendments to 42 C.F.R. §§ 435.541; 435.911; 436.541; 54 Fed.Reg. 50755 (1989). Three days before we heard oral argument, the President signed into law the Omnibus Budget Reconciliation Act of 1990, which amended various provisions of the Social Security Act. One amendment addresses problems created by HCFA's new regulations. *See* Omnibus Budget Reconciliation Act of 1990, Pub.L. No. 101–508, § 4724, *reprinted in* Medicare & Medicaid Guide (CCH) (citation to Rept. No. 636, Extra Edition (Part I), Nov. 21, 1990). The amendment adds a new subsection to 42 U.S.C. § 1396a, "Optional State Medicaid Disability Determinations Independent of the Social Security Administration." *See id.*

On remand, the district court should examine the new legislation and any legislative history, including comments by HCFA or SSA.

REMANDED.

---

1. The four stages in the SSI eligibility determination process are: initial application; reconsideration; administrative hearing; and review by the Appeals Council.